## Irwin v. Dorman

*Edward S. Finkelstein*, for plaintiffs.
*Peter Kemeny*, for defendants.

SHADLE, J., November 19, 1973.—Plaintiffs and defendants agreed in writing for the sale by the latter to the former of a house and lot. The agreement provided: "Sellers to install a full bath with shower in up stairs bed room to right at top of stairs." Plaintiffs' complaint recites that defendants did install such

bathroom, but that after settlement and delivery of possession it was discovered that ". . . the sewage disposal system was inadequate to handle the additional flow from this bathroom facility." Accordingly, say plaintiffs, they ". . . were therefore forced to have a new septic system installed that would handle the job." Plaintiffs sue in assumpsit to recover the cost of such work on the sewage system. Defendants demurred to plaintiffs' complaint, argument was had before the court en banc, and this opinion and order are filed on its behalf.

Plaintiffs concede that defendants made no express representation as to the sewage system, nor any agreement to do any work thereon. They contend, however, that defendants *impliedly warranted* that the bathroom they would install would be provided with an adequate sewage system to make it workable, thereby becoming liable for the cost of improving or enlarging the sewage system.

Plaintiffs cite Elderkin v. Gaster, 447 Pa. 118 (1972). That case held that a *builder-vendor* selling a *new* house *constructed by him* in his *building development* impliedly warranted such house to be fit for habitation, which included a water supply that was potable. The theory was that the developer is the one who buys the land and builds homes upon it to sell to the general public, and who has better knowledge than the buyer as to the suitability of the site and the construction details, and the buyer, therefore, is entitled to rely on the skill of the developer as having the expertise to produce an adequate dwelling.

It is at once obvious that neither the rule nor the rationale of Elderkin is applicable here. Defendants were not builders nor developers, the house was not newly constructed by them, nor was it part of a real estate development. The transaction apparently was

an isolated sale by defendants of a single dwelling owned by them. Consequently, there is no basis to impute to them special expertise or knowledge regarding the site, construction details, or more particularly, the capacity of the sewage system.

Elderkin points out that where the facts on which its principle is based do not exist, "the rule is that in the absence of fraud or misrepresentation a vendor is responsible for the quality of the property being sold by him only to the extent for which he expressly agrees to be responsible." This is the situation here. Defendants covenanted only to install the bathroom which plaintiffs wanted, and they performed this work. The plain fact apparently is that neither party anticipated the problem of whether the existing sewer system would accommodate the enlarged plumbing facilities. Plaintiffs easily could have required defendants not only to install the bathroom but also to enlarge the sewage system to accommodate it. Not having done so, there is no basis in law or in logic to conclude that in contracting to install the bathroom plaintiffs wanted, defendants also impliedly agreed to improve or enlarge the sewage system. Defendants did pay the cost of providing the bath facilities. It is not inequitable to require plaintiffs to assume the responsibility for any enlarged sewage system thereby made necessary, when plaintiffs could and should have anticipated any such requirement and contracted for its provision.

## ORDER

And now, to wit, November 19, 1973, defendants' preliminary objections in the nature of a demurrer to plaintiffs' complaint are sustained, and the complaint is dismissed. An exception is noted for plaintiffs.